IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCEL LYNN STRELOW,

                                               OPINION AND ORDER

            Plaintiff,

                                                   19-cv-143-bbc

      v.

JAMES COMEY and ANDREW MCCABE,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Marcel Lynne Strelow has filed a civil action against defendants James Comey (former director of the Federal Bureau of Investigation) and Andrew McCabe (former deputy director of the Federal Bureau of Investigation). He has paid the $400 filing fee. Generally, the next step would be for the court to issue summonses so that plaintiff could serve his complaint on defendants. However, after reviewing plaintiff's complaint, I conclude that summonses should not be issued at this time because plaintiff's allegations are not sufficient to establish this court's subject matter jurisdiction or to state any claim for relief against either of the defendants. I will give plaintiff an opportunity to file an amended complaint that clarifies his claims.

OPINION

      Federal district courts have an obligation to screen all complaints to determine whether there is a basis for exercising jurisdiction. <u>McCready v. White</u>, 417 F.3d 700, 702 (7th Cir. 2005). This duty extends to screening a complaint to determine whether it is

1

frivolous because "[a] suit that is utterly frivolous does not engage the jurisdiction of the federal courts. . . . Congress would not have wanted the federal courts to waste their time with such a case, and the courts therefore have an independent duty to refuse to entertain it." Carr v. Tillery, 591 F.3d 909, 917 (7th Cir. 2010). A suit is frivolous if "it is apparent from a reading of the complaint that there is no need to await the defendant's answer or motion to dismiss, or discovery or legal research, to determine that the case is going nowhere—that there's no possibility of the court's having authority to provide relief to the plaintiff." Carter v. Homeward Residential, Inc., 794 F.3d 806, 807 (7th Cir. 2015).

Additionally, federal courts can review complaints to determine whether they comply with Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

Plaintiff's complaint does not meet the requirements of Rule 8 because it is not clear from his complaint what plaintiff believes defendants Comey and McCabe did to violate his rights. Moreover, from the limited allegations plaintiff includes in his complaint, it appears that his claims against defendants are likely to be found frivolous. Plaintiff's allegations are vague and confusing. He alleges that in 2009, he filed a complaint in the Richland County Courthouse about a "youth" in an "Asia homicide ring" that was running unabated. An

2

agent from the Wisconsin Department of Justice told plaintiff it would take from nine to 11 years to "clean up" the complaint.

Years later, on March 5, 2014, plaintiff was driving a semi truck near Sun Prairie, Wisconsin, when a man drove a vehicle directly into him. After the collision, plaintiff was watching television and saw President Obama "escorting a female agent out of the agency." A few weeks later, an agent approached plaintiff and "came unglued with [him]." Plaintiff says that his name appears on a report in the Milwaukee office of the Federal Bureau of Investigation.

Although plaintiff's allegations describe disturbing incidents, his complaint contains no allegations involving defendants Comey or McCabe. It is not clear why plaintiff believes Comey and McCabe violated his rights or should be held liable for the incidents he describes. Plaintiff might be able to identify proper defendants, but his allegations are so vague that it is difficult to know who the proper defendants might be. For example, plaintiff does not say who crashed into his semi truck, who the agent was who confronted him, how his allegations about his 2009 Richland County complaint relate to the collision in 2014 or how any of his allegations relate to the confrontation he had with the FBI agent.

Because plaintiff's complaint does not include enough information to meet the requirements of Rule 8, I will dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing. If plaintiff chooses to file an amended complaint, he should keep it short and to the point, but should draft it as if he is telling a story to people who know nothing about his situation. In particular, he should

3

include allegations that would allow someone reading the complaint to answer the following questions:

- What specifically did plaintiff say in his 2009 complaint to the Richland County Court?
- Was plaintiff's 2009 complaint resolved, and if so, how?
- Does plaintiff think his 2009 complaint is related to the 2014 vehicle crash or to any other subsequent incidents?
- Who was involved in the 2014 vehicle crash?
- Does plaintiff believe the Federal Bureau of Investigation and defendants Comey and McCabe were involved in the 2009 investigation or the 2014 vehicle crash, and if so, why?
- What was the nature of the confrontation between plaintiff and the Federal Bureau of Investigation agent in 2014?
- Why does plaintiff think that defendants Comey and McCabe should be held responsible for any of the incidents described in his complaint?

Before this case can proceed further, plaintiff must file an amended complaint that complies with Rule 8, clarifies the factual basis of his claims and explains why defendants Comey and McCabe should be held liable for any harm plaintiff has suffered.

ORDER

IT IS ORDERED that plaintiff Marcel Lynne Strelow's complaint is DISMISSED

without prejudice for its failure to establish subject matter jurisdiction and failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until May 22, 2019 to file an amended complaint that complies with Rule 8 and establishes subject matter jurisdiction. If plaintiff does not file an amended complaint by May 22, 2019, the clerk of court is directed to close this case.

Entered this 2d day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge